UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES C. COSTA,

        Plaintiff,

v.

CITY OF DETROIT, a Michigan Municipal
Corporation, AMRU MEAH, F. MOSS
WRECKING CO., A Michigan Corporation,
jointly and severally,

        Defendants.

                                      /

Case No. 11-CV-15702
Honorable Denise Page Hood

**ORDER GRANTING THE CITY OF DETROIT'S
MOTION FOR SUMMARY JUDGMENT**

       This matter involves a purported Fifth Amendment taking. Now before the Court is City of Detroit's Motion for Summary Judgment. The matter has been fully briefed and the Court has heard oral arguments. Upon consideration of the parties' briefs and oral arguments, the City of Detroit's Motion for Summary Judgment is **GRANTED** and this case **DISMISSED**.

**I.**    **BACKGROUND**

       This case has had a long history that began with a fire. Plaintiff, Charles Costa, owned three brick buildings commonly known as 2713, 2721 and 2737 W. Grand River, Detroit, Michigan. The buildings were involved in a fire on November 21, 2005. The Building Inspector noted that the structures had extensive fire damage, were dilapidated structurally to the point of collapse, and recommended demolition. Ronald Carey Scott, a tenant of the 2737 W. Grand River building, provided an affidavit swearing that there "appeared to [be] no fire damage at all" to the 2737 first and second floor and basement. [Docket No. 8, Pg ID 196].

On November 23, 2005, Amru Meah, Director of the Buildings and Safety Engineering Department, notified Costa that the buildings were "an actual and immediate danger affecting the health, safety and welfare of the public" and an emergency demolition would take place pursuant to Detroit Ordinance 290-H. [Docket No.5, Pg ID 82] On December 20, 2005, Costa filed suit in Wayne County Circuit Court requesting that the circuit court enjoin the demolition. Costa believed that personal items may have been buried under the rubble and wanted to take steps to remove them. Costa also noted that he was soliciting bids himself for the demolition. The circuit court temporarily restrained the demolition of the building on December 20, 2005 and ordered that the parties appear before the court.

On January 12, 2006, the circuit court denied Costa's request for a preliminary injunction and closed the case. At the December 21, 2005 hearing, the circuit court found that:

> The record supports the conclusion of the [City of Detroit] that this presents a danger to the public and there's simply no basis on which the Court has any authority to grant this motion and prevent the City from proceeding to put the premises in a condition that it does not represent a danger to the public.

[Docket No. 5, Pg ID 109] Demolition of the buildings began on December 30, 2005 and was completed on January 6, 2006.

On September 23, 2008, Costa and Scott filed an action in Wayne County Circuit Court alleging four counts of an unconstitutional taking of Costa's personal and store property. The City of Detroit and F. Moss Wrecking both moved for summary disposition arguing that Costa's complaint was barred by the res judicata effect of the final order from the January 2006 order. On March 20, 2009, the circuit court granted both motions for summary disposition and found that "Plaintiffs' claims in this case require a determination that the demolition was unlawful, and that

issue has already been decided in the previous litigation." [*Costa v. City of Detroit*, No. 08-124254 CC, Docket No. 5, Pg ID 137]

Costa appealed to the Michigan Court of Appeals. On October 21, 2010, the Court of Appeals affirmed the trial court decision in part. *Costa v. City of Detroit*, No. 291451, 2010 Mich. App. LEXIS 2014, 2010 WL 4137474 (Mich. Ct. App. Oct. 21, 2010). The Court of Appeals found that the 2005 action was based on the merits of the case and that Costa could have raised his takings argument in the 2005 action. 2010 Mich. App. LEXIS 2014 at *3–5. The Court of Appeals concluded that the 2005 had preclusive effect as to Costa's claims. *Id.* at *6. The Michigan Supreme Court denied leave to appeal on June 28, 2011. *Costa v. City of Detroit*, 489 Mich. 971, 2011 Mich. LEXIS 1038 (2011).

Plaintiff filed the present action in this Court on December 30, 2011 against the City of Detroit, Amru Meah, and F. Moss Wrecking Company pursuant to 42 U.S.C. § 1983 and the Fifth Amendment. Costa alleges against all Defendants one count of Fifth Amendment violations pursuant to 42 U.S.C. § 1983 and one count of Fifth Amendment violations only against the City of Detroit.

### III.   LAW & ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be granted if the movant shows there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The movant has the burden of showing that summary judgment is appropriate. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Further, the court must consider evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that

party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 391 (1986). A material fact is genuine, and therefore the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

### A. Statute of Limitations

The City of Detroit argues that Costa's claims are barred by the statute of limitations. The City contends that a three-year statute of limitations applies to actions brought pursuant to section 1983. Costa argues that a six-year statute of limitations applies. In section 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–250 (1989). The statute of limitations in Michigan is three years. MICH. COMP. LAWS § 600.5805(10); *see also Chippewa Trading Co. v. Cox,* 365 F.3d 538, 543 (6th Cir. 2004), *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir. 1986).[1]

The relevant question before the Court is when Costa's claim ripened and, necessarily, when the statute of limitations began to accrue. Federal law is used when determining when the statute of limitations has accrued. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273. A Fifth Amendment takings claim is not ripe for federal review until all state remedies have been exhausted. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton*

---

[1] Costa cites *Hart v. Detroit*, for the proposition that the statute of limitations is six years. 416 Mich. 488 (1982). However, this action involved a suit under the Michigan Constitution for inverse condemnation and did not involve section 1983.

*Bank*, 473 U.S. 172, 186 (1985); *Braun v. Ann Arbor Charter Twp*., 519 F.3d 564, 569 (6th Cir. 2008) ("in order for a plaintiff to bring a takings claim in federal court, he or she must first pursue available remedies in state court."). "Two issues inform this analysis: first, whether the initial decision-maker, i.e. administrative agency, has arrived at a 'definitive position on the issue that inflicts an actual, concrete injury' (the finality requirement); and second, whether the state has denied just compensation based on that injury (the remedies requirement)." *Braun,* 519 F.3d at 569 (citing *Williamson*, 473 U.S. at 193, 195).

Without any support, Costa argues that his state court remedies were not exhausted and his claims, therefore, did not accrue until June 28, 2011, when the Michigan Supreme Court denied leave to appeal. While Costa never raised a takings claim in the first action, the issue of whether the City of Detroit had authority to demolish the building was considered and decided on the merits. The court found that Costa would not prevail on the merits of his claim because the City of Detroit had the authority to demolish the buildings. Demolition of the buildings subsequently became final on January 11, 2006. The trial court's order became final on January 12, 2006. Upon denial of the motion for preliminary injunction, Costa should have requested that the trial court consider whether he was due just compensation for the demolition of his buildings. As the Michigan Court of Appeals found, the takings claim could and should have been raised in the first matter. Although Costa was not denied or granted compensation by the first trial court, he *should* have raised this issue because any other subsequent consideration was barred by res judicata. Costa's request for injunctive relief and takings claims necessarily arose out of the same set of facts and Costa knew no later than January 12, 2006 that he was injured due to the City of Detroit's actions. Contrary to Costa's argument, he was not required to appeal to the Michigan Supreme Court before his claims were

considered exhausted. *See Williamson*, 473 U.S. at 194 n.13. ("Exhaustion of review procedures is not required.") It was enough that Costa no longer had a remedy in state court.

However, Costa did not appeal the first court's decision or request to amend his complaint. He instead filed a subsequent action in circuit court alleging a taking pursuant to Michigan and not federal law. Costa's claims were exhausted on January 12, 2006 when the building were demolished and the trial court's decision became final. He thereafter could have filed an action in federal court. Given that Costa's takings claim accrued on January 12, 2006, Costa was required to file a federal action by Monday, January 12, 2009. This action was not filed until December 30, 2011, well after the statute of limitations had expired. This action is barred.

### B. Res Judicata

The City of Detroit alternatively urges the Court to dismiss Costa's claims because they are barred by res judicata based on the prior matters in state court. Costa counters that his takings claims are not barred because they were not ripe during the prior state court actions.

The Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Const. Article IV, sec. 1. As such, Congress has provided that "judicial proceedings shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of each State . . . ." 28 U.S.C. § 1738. The Supreme Court has held this statute to include the doctrines of issue and claim preclusion. *Sam Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005). In *Sam Remo*, the Supreme Court found that, notwithstanding a plaintiff's requirement to exhaust a takings claim in state court, the doctrines of issue and claim preclusion apply to matters fully litigated in state court. *Id.* at 343–46.

Res judicata or claim preclusion bars the relitigation of a final judgment on the merits in a subsequent action. Res judicata is appropriate when: (1) there is a prior decision on the merits; (2) the present action involves the same parties or their privities; and (3) the present action involves an issue that was litigated or should have been litigated in the previous action. *Sloan v. City of Madison Heights*, 425 Mich. 288, 295, 389 N.W.2d 418 (1986). Essentially, res judicata bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222 (2001). The causes of action must arise out of identical facts and require the same evidence to sustain it. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A judgment on appeal is given preclusive effect. *City of Troy v. Hershberger*, 27 Mich. App. 123, 127, 183 N.W.2d 430 (1970).

Res judicata is appropriately applied here. The circuit courts and Michigan Court of Appeals issued a decision on this matter. The Third Judicial Circuit Court in Wayne County and Michigan Court of Appeals both found that res judicata applied to the first circuit court conclusions. It is apparent that this action and the prior actions involve the same parties. The Court has already determined that Costa's claims were ripe. Necessarily, Costa *could* and *should have* asserted his federal claims when the circuit court's order authorizing the demolition of the buildings became final. His failure to do now precludes him from readdressing those issues here.

Costa also argues that his claims were preserved for subsequent litigation because he did not assert any federal issues before the state court. Costa cites *DLX Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004) for the absurd proposition that the failure to raise a claim necessarily preserves it for subsequent litigation. In *DLX*, the Sixth Circuit held that "a party's *England* reservation of federal

takings claims in a state takings action will suffice to defeat claim preclusion in a subsequent federal action." *Id.* at 523; *see also England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 421(1964) (finding that a party may reserve on the record his right to return to federal court). The plaintiff in *DLX* specifically and affirmatively reserved its right to pursue its federal claims in federal court. *Id.* at 515. Nowhere in either of Costa's state court complaints does he reserve the right to bring a federal takings action in federal court. Neither does Costa point the Court to a citation in the record showing that he made such a reservation of his federal claims. The Court can only assume that the complete absence of a specific reservation on the record to mean that Costa opted not to reserve his federal claims to be decided in federal court. The Court will not deem Costa's silence as an affirmative statement. Given that Costa did not make an *England* reservation, Costa's takings claims are barred by res judicata and must be dismissed.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that City of Detroit's Motion for Summary Judgment [Docket No. 5, filed April 18, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS SO ORDERED**.


Dated:  January 28, 2013         S/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2013, by electronic and/or ordinary mail.

                                 S/LaShawn R. Saulsberry
                                 Case Manager